(No. 1546— )

W. E. O'NEIL CONSTRUCTION Co., Claimant, *vs.* STATE OF ILLINOIS,. Respondent.

*Opinion filed September 10, 1930.*
*Rehearing denied November 12, 1930.*

EVAN L. SEARCY, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON,. Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant asks an award of $11,364.32 as extra compensation for the construction of the Naval Armory at Chicago. It. charges that in building the armory it was put to extra expense not contemplated, due to delays on the part of the State and to the rise in the water level of Lake Michigan. The contract is not in evidence and we have no information as to its terms and conditions. There is no contention, however, that claimant was not paid the contract price for the construction of the building.

Section 19, Article 4 of the Constitution provides that "the General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor, after service has been rendered or a contract made." This provision of the constitution is mandatory and binding upon the courts of the State as well as upon the General Assembly, and this court has no power to grant an award such as is asked for claimant. (*Paschen Bros.* v. *State,* No. 750, Opinion filed September 13, 1927.) The language of this provision is clear and unambiguous and its purpose cannot be misunderstood. (*Fergus* v. *Brady,* 277

Ill. 272.) When the people adopted the constitution they included this clause to protect themselves from such evils and mischiefs as are likely to arise out of such a claim as this. (*Dunnegan Construction Company* v. *State,* No. 1021, opinion filed Sept. 10, 1929.) Extra compensation is a payment or allowance in excess of that fixed by law or contract at the time the service is rendered. (*Porter* v. *Loehr,* 332 Ill. 353.) The work has been completed and the contract price therefor fully paid, so far as this record shows, and no extra compensation for it can now be allowed (*Conway & Co.* v. *State,* No. 1412, opinion filed November 6, 1929.)

The claim is denied and the case dismissed.

On November 12, 1930, upon petition for rehearing, the following additional opinion was filed:

Claimant has filed its petition for a rehearing in which it is set forth the court overlooked certain matters of fact appearing in the record and misconstrued certain provisions of the statute and constitution. We have carefully considered the points on which the rehearing is asked and find no reason for changing our views as expressed in the opinion filed in the case. The petition is therefore denied.